NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-674 consolidated with 13-675

SERICE CRAFT, ET AL.

VERSUS

STATE OF LOUISIANA THROUGH THE
DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 81,477, DIVISION B
CONSOLIDATED WITH 81,479, DIVISION B
HONORABLE JOHN FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

REVERSED.

James D. "Buddy" Caldwell, Attorney General
Ronald J. Fiorenza, Special Assistant Attorney General
John D. Ryland, Special Assistant Attorney General
934 Third Street, Suite 800
Alexandria, LA 71309
(318) 445-3631
COUNSEL FOR DEFENDANT-APPELLANT:
	State of Louisiana, Through the Department of Transportation and
	Development

**James B. Doyle, Attorney at Law**
**501 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-5999**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
> **Serice Craft, Individually and as Administratrix of the Estate of Michael David Craft and as Administratrix of the Estate of Michael Jared Craft**

**Elvin C. Fontenot, Attorney at Law**
**110 East Texas Street**
**Leesville, LA 71446**
**(337) 239-2684**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
> **Serice Craft, Individually and as Administratrix of the Estate of Michael David Craft and as Administratrix of the Estate of Michael Jared Craft**

**David Wallace, Attorney at Law**
**P. O. Box 349**
**DeRidder, LA 70634**
**(337) 462-0473**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
> **Serice Craft, Individually and as Administratrix of the Estate of Michael David Craft and as Administratrix of the Estate of Michael Jared Craft**

**PAINTER, Judge.**

Defendant, the State of Louisiana through the Department of Transportation and Development (DOTD), appeals the judgment notwithstanding the verdict (JNOV) granted by the trial court in favor of Serice Craft in this case which arises out of an automobile accident in which Ms. Craft's father and brother were killed. For the following reasons, we reverse the JNOV granted in favor of Ms. Craft and reinstate the jury's verdict.

## FACTS AND PROCEDURAL HISTORY

The accident that is the subject of this litigation occurred on June 4, 2008, at the intersection of Louisiana Highway 117 and Louisiana Highway 8 in Vernon Parish, Louisiana, when the SUV driven by Michael David Craft collided with a gravel truck. Michael's son, Jared, who was a quadriplegic, was a passenger in the SUV. Both Michael and Jared died as a result of injuries received in the accident.

Serice Craft, as the sole survivor of her father and brother, filed suit against: DOTD; the driver of the gravel truck and his employer, Angelle Concrete Group; Liberty Mutual Fire Insurance Company as the insurer for Angelle Concrete Group; and State Farm Mutual Automobile Insurance Company, which issued a policy of uninsured/underinsured motorist coverage to Michael. Serice filed two suits, one individually and as administratrix of the estate of her father and one individually and as administratrix of her brother. Prior to trial, Serice settled all claims in both suits and against all parties except DOTD. The two suits were then consolidated for trial against DOTD. By a 10-2 vote, the jury found in favor of DOTD. Judgment was rendered in accordance with the jury's verdict, dismissing all claims against DOTD. Ms. Craft filed a motion for JNOV, which was granted by the trial court. The trial court allocated fifty percent of the fault to Mr. Craft and fifty percent to DOTD. Damages were awarded as follows: $500,000.00 for

the loss of her father; $500,000.00 for the loss of her brother; and $100,000.00 for Michael's pre-death pain and suffering. All amounts were subject to a fifty-percent reduction for the amount of fault attributable to Michael.

DOTD appeals, asserting that the trial court improperly granted the JNOV; that, in the alternative, the awards of damages by the trial court were excessive; and that, since the JNOV was improper, the assessment of costs to DOTD was also improper. Serice has answered the appeal seeking to have the percentage of negligence assigned to her removed and to have one hundred percent of the fault assigned to the DOTD.

## DISCUSSION

In *Savant v. Hobby Lobby Stores, Inc.*, 12-447, pp. 5-6 (La.App. 3 Cir. 11/7/12), 104 So.3d 567, 571, this court restated the standard of review applicable to the appeal of a JNOV:

> A motion for JNOV may be granted on the issue of liability or on the issue of damages or on both. La.Code Civ.P. art. 1811(F). In *Anderson v. New Orleans Public Service*, 583 So.2d 829, 832 (La.1991), the supreme court outlined the standard for determining whether a JNOV has been properly granted:
>
>> A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.

More recently, in *Davis v. Wal-Mart Stores, Inc.*, 00-445, p. 5 (La.11/28/00), 774 So.2d 84, 89, the supreme court articulated the standard of review on appeal for a JNOV:

> The standard of review for a JNOV on appeal is a two part inquiry. In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether or not to grant the motion. After determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review. *Anderson v. New Orleans Public Service, Inc.*, [583 So.2d 829, 832 (La.1991)].

In general, the standard of review of a JNOV on appeal is twofold. First, we determine "whether the jury verdict is supported by competent evidence and is not wholly unreasonable." *Daigle v. U.S. Fidelity & Guar. Ins. Co.*, 94-304, p. 8 (La.App. 1 Cir. 5/5/95); 655 So.2d 431, 436. We consider all of the evidence in the light most favorable to the party opposing the motion. If we find that the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict on the issue, the JNOV was properly granted. Second, the JNOV is reviewed pursuant to the manifest error standard of review. *Id.*

Serice's motion for JNOV asserted that no reasonable juror could have reached the decision that DOTD was not at fault. The trial court agreed and, in written reasons for judgment, stated that:

> Although it is clear that Michel Craft was negligent in causing the accident, the jury unreasonably failed to consider the fault of DOTD. The Department failed to follow their own recommendations set forth in the Manual on Uniform Traffic Control Devices when they approved the plans for four-laning Louisiana Highway 28 at that intersection.

> Experts for both sides testified on that issue, however, the Court gives great weight to the testimony of the State Troopers and other persons who were directly familiar with this intersection. The recommendations for construction of intersections on four-lane roads set forth with particularity in the manual were ignored by the Department. These recommendations were made to prevent just such an accident as occurred in this case, therefore, the State should bear their part in the cause of the accident.

3

DOTD argues that the trial court erred in granting Serice's motion for JNOV because the jury's verdict that DOTD was not at fault is clearly supported by competent evidence and that the trial court did not view the evidence in the light most favorable to it as the non-moving party.

This accident occurred at the intersection of Louisiana Highway 117 and Louisiana Highway 8 in Vernon Parish. At the time of the accident, Highway 8 was a four-lane highway with a median. Highway 117 intersects with Highway 8 from the north. Louisiana Highway 1213 intersects Highway 8 in the same general area from the south. The accident occurred about four miles from Michael's residence. Michael was travelling South on Highway 117 after leaving his house. Daniel Cedars, Jr., a Louisiana State Trooper who investigated the accident, testified that it was unclear whether Michael stopped at the stop sign at the intersection. The traffic controls in place at the time included a red flashing light for the traffic on Highway 117 and a yellow flashing light for the traffic on Highway 8. When Michael entered the intersection, he collided with a gravel truck that was travelling east on Highway 8. Trooper Cedars also testified that he could not say whether there was a high volume of crashes at that particular intersection because he was not sure how much traffic went through it in a days' time. Trooper Cedars further testified that it was his opinion, as well as that of the other trooper investigating the accident, Trooper Jay Donaldson, that the accident was caused by Michael attempting to cross Highway 8 without yielding to eastbound traffic. Trooper Donaldson testified that the majority of the accidents that he worked at the intersection in question were caused by motorists not stopping at the stop sign that is located on Highway 117.

The jury also heard testimony from Serice's expert in the field of traffic engineering, Dr. Olin Dart. Dr. Dart testified that the intersection in question was

4

at an acute angle of fifty-five and fifty-six degrees but that it should be at least sixty degrees according to AASHTO and MUTCD and that the best design would be for the intersection to be at ninety degrees. It was also Dr. Dart's opinion that there should have been a stop sign or a yield sign in the median of Highway 8. However, when asked point blank if he could state that it was more probable than not that had there been a stop sign in the median that this accident would have been avoided, Dr. Dart answered in the negative.

Rhett Desselle, a DOTD engineer who was tendered by the defense as an expert in the field of civil engineering, also testified at trial. He was involved in some of the planning of the four-laning of Highway 8. He testified that there was no requirement to put either a stop sign or a yield sign in the median of Highway 8 and that that was discretionary to the engineer of the project. Mr. Desselle further testified that putting a sign in the median would have been confusing to drivers on Highway 117 because it would not be in their direct line of sight and that it would cause a hazard to the traffic on the westbound lanes because it would require longer vehicles to stop in a short median. The jury also heard testimony from Mr. Desselle regarding the modification of the intersection after this accident. The intersection has been modified to prohibit traffic from going all the way across Highway 8 from Highway 117.

Obviously there was conflicting testimony concerning whether the intersection was defective. The standard is clear that in determining whether or not to grant a motion for JNOV, the court cannot evaluate the credibility of the witnesses. The trial court in its written reasons for ruling, as quoted above, clearly did not apply this standard and explicitly weighed the testimony of the witnesses and substituted its credibility evaluations for that of the jury. Our review of the record reveals that the jury's verdict was reasonable and supported by competent

5

evidence. We find that the trial court improperly granted Serice's motion for JNOV.

DOTD further argues that the award of costs against it is unwarranted if the JNOV is reversed and cites *Davis v. State, ex rel. Dept. of Transp. & Dev.*, 11-625 (La.App. 3 Cir. 11/2/11), 78 So.3d 190, *writ denied*, 11-268 (La. 2/10/12), 80 So.3d 488, for the proposition that there is no authority for the taxing of costs against a party who successfully defended the action against it. We agree and reverse the assessment of costs against DOTD.

## DECREE

The trial court's grant of the JNOV is reversed. The jury's verdict in favor of DOTD dismissing all claims against it is reinstated. All costs of this appeal are assessed to Plaintiff/Appellee, Serice Craft.

**REVERSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.